IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00334-GPG

WILLIAM MONTGOMERY, and
DAVID MONTGOMERY,

    Plaintiffs,

v.

MARK CUTTER,
MICHELLE JOHNSTON,
MATTHEW BROUGH, and
MATTHEW BREDE,

    Defendants.

## ORDER OF DISMISSAL

Plaintiffs, William and David Montgomery, who are brothers, reside in Fort Collins, Colorado. Plaintiffs initiated this action by filing, *pro se*, a Complaint asserting a deprivation of their constitutional rights pursuant to 42 U.S.C. § 1983. (ECF No. 1). On their own initiative, Plaintiffs filed, *pro se*, an Amended Complaint on March 13, 2018. (ECF No. 10).

On March 20, 2018, Magistrate Judge Gordon P. Gallagher reviewed the Amended Complaint pursuant to D.C.COLO.LCivR 8.1(a) and determined that it was deficient because Plaintiffs failed to state an arguable § 1983 claim for malicious prosecution based on violation of the Fourth or Fourteenth Amendments. (ECF No. 13). Plaintiffs were directed to file an amended pleading within 30 days of the March 20 Order. (*Id.*). Plaintiffs filed a Second Amended Complaint on April 20, 2018. (ECF No. 14).

On May 10, 2018, Magistrate Judge Gallagher reviewed the Second Amended Complaint and determined that it was deficient because Plaintiffs failed to allege specific facts to show the personal participation of each named Defendant in a deprivation of their constitutional rights; Plaintiffs failed to state an arguable § 1983 claim for malicious prosecution or violation of their equal protection rights; and, the First Amendment retaliatory prosecution claim appeared to be time-barred. (ECF No. 15). Plaintiffs were directed to file a Third Amended Complaint within 30 days of the May 10 Order. (*Id.*). Magistrate Judge Gallagher warned Plaintiffs that if they failed to comply, the Court would review the sufficiency of the allegations in the Second Amended Complaint to determine whether summary dismissal of this action was warranted. (*Id.*). Plaintiffs have not filed a Third Amended Complaint in compliance with the May 10 Order. Therefore, the Court reviews below the legal sufficiency of the Second Amended Complaint.

Both Plaintiffs have been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Under § 1915(e)(2)(B)(i), the Court must dismiss the action if the Plaintiffs' claims are frivolous or malicious. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

The Court construes the Second Amended Complaint liberally because Plaintiffs are not represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, this action will be dismissed.

I. **The Second Amended Complaint**

Plaintiffs allege that on or about November 3, 2015, they were homeless, and "residing on exclusively private property, located approximately 200 feet east of College Avenue," in Fort Collins, Colorado, when they were approached by the Defendant City of Fort Collins police officers. (ECF No. 14 at 6-7). According to Plaintiffs, two of the Defendants asked them to produce identification and informed the Plaintiffs that they were inside the "Gustav Swanson Natural Area," at a time when the area was closed to the public, in violation of City of Fort Collins Municipal Code § 23-193(d)(1). (*Id.* at 7). The Defendants then cited Plaintiffs for violating the municipal code provision. (*Id.*). Plaintiffs protested that they were not inside the natural area, but were instead on private property. (*Id.*). After issuing the citations, the Defendants ordered Plaintiffs to exit the area. (*Id.* at 8). The Plaintiffs attempted to show the Defendants maps of the area that they had obtained from the City, which indicated that Plaintiffs were not inside the Natural Area, but the Defendants told them to "save it for court." (*Id.* at 8). Plaintiffs were then directed to leave the property and were escorted to nearby College Ave. (*Id.*).

Plaintiffs allege that at William Montgomery's trial on February 9, 2016, Defendants Brough and Brede provided false testimony about the Plaintiffs' location inside the Gustav Swanson Natural Area on the night the citations were issued. (*Id.* at 9). In his defense, Plaintiff offered City maps as evidence to show that he had not been inside the boundaries of the Natural Area. (*Id.* at 9). The jury acquitted William Montgomery of the charge. (*Id.*). The Fort Collins City Attorney then

dismissed the related case against David Montgomery on February 18, 2016. (*Id.* at 10).

Plaintiffs assert that the Defendants engaged in a wrongful and malicious prosecution, by issuing groundless charges against them, falsifying police reports and providing false testimony at trial. (*Id.* at 10-12, 14-15). Plaintiffs further maintain that there was no probable cause to issue the citations, and that the Defendants retaliated against them for "Plaintiffs' perceived challenges to authority, for their lower socio-economic status as poor and homeless people, to deprive them of the equal protection of the laws." (*Id.* at 13-14). Plaintiffs sue the Defendants in their individual and official capacities, *see id.* at 3, and seek monetary relief.

## II. Analysis

### A. Official Capacity Claims

Plaintiffs' claims against the Defendants in their official capacities are construed as claims against the City of Fort Collins. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).

Plaintiffs were warned in the May 10 Order that to hold the City liable under § 1983, they must allege facts in the Amended Complaint to show that an unconstitutional policy or custom exists and that there is a direct causal link between the policy or custom and the constitutional injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs,* 151 F.3d 1313, 1316-20 (10th Cir. 1998). Local government entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1316-20 (10th Cir. 1998);

*Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). Further, Plaintiffs cannot state a claim for relief against the City of Fort Collins under § 1983 merely by pointing to isolated incidents. *Monell*, 436 U.S. at 694.

In the Second Amended Complaint, Plaintiffs allege that the Defendant police officers issued groundless municipal citations to them because they are homeless. However, Plaintiffs fail to identify any City municipal policy or custom that was the moving force behind the alleged constitutional deprivations. Therefore, the official capacity claims will be dismissed. *See McCormick v. City of McAlester*, No. 12-7077, 525 F. App'x 885, 888 (10th Cir. June 4, 2013) (unpublished) (plaintiff's allegations of several instances of alleged free-speech retaliation by the police department were insufficient, without more, to show an unconstitutional municipal policy or custom).

## B. Personal Participation Requirement

Plaintiffs were warned in the May 10 Order that allegations of "personal participation in the specific constitutional violation complained of [are] essential" to imposing liability under § 1983. *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011); *see also Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) ("Individual liability . . . must be based on personal involvement in the alleged constitutional violation."). Furthermore,

> [b]ecause § 1983 [is a] vehicle[] for imposing personal liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants. It is particularly important that plaintiffs make clear exactly *who* is alleged to have done *what* to *whom,* . . . as distinguished from collective allegations. When various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights "were violated" will not suffice. Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that "defendants" infringed his rights.

*Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013) (internal citations and quotation

marks omitted). "To establish personal participation, Plaintiff must show that each individual defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each individual defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

The Second Amended Complaint alleges that all four of the Defendants were present at the time the citations were issued to Plaintiffs, but does not allege specific facts to show that Defendants Cutter and Johnson were personally involved in the alleged deprivations of Plaintiffs' constitutional rights. Plaintiffs did not file a third amended complaint to cure the pleading deficiencies. Therefore, the § 1983 claims asserted against Defendants Cutter and Johnson will be dismissed as legally frivolous.

### C. § 1983 Malicious Prosecution Claims

The [First] Amended Complaint asserted a § 1983 claim of malicious prosecution based on alleged violations of the Plaintiffs' Fourth and Fourteenth Amendment due process rights. However, after Magistrate Judge Gallagher warned Plaintiffs in the March 20 Order that they failed to state an arguable § 1983 claim of malicious prosecution, the Plaintiffs did not include a § 1983 malicious prosecution claim in the Second Amended Complaint. Notwithstanding, and in an abundance of caution, the Court addresses the viability of the malicious prosecutions claims below.

In addressing a § 1983 malicious prosecution claim, the Court uses the common law elements of malicious prosecution as the "starting point" of its analysis,[1] but the

---

[1] A § 1983 malicious prosecution claim also includes the following elements: (1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3)

6

ultimate question is whether plaintiff has proven the deprivation of a constitutional right. *Novitsky v. City of Aurora*, 491 F.3d 1244, 1257-58 (10th Cir. 2007) (citing *Taylor v. Meacham*, 82 F.3d 1556, 1561 (10th Cir.1996).

### 1. Fourth Amendment

"[A]t least prior to trial, the relevant constitutional underpinning for a claim of malicious prosecution under § 1983 must be the Fourth Amendment's right to be free from unreasonable seizures." *Becker v. Kroll*, 494 F.3d 904, 914 (10th Cir. 2007) (quotations omitted); *accord Sanchez v. Hartley*, 810 F.3d 750, 755 (10th Cir. 2016) (citing cases). The Tenth Circuit explained in *Becker*:

> "Violation of the Fourth Amendment requires an intentional acquisition of physical control." *Brower v. County of Inyo*, 489 U.S. 593, 596, 109 S.Ct. 1378, 103 L.Ed.2d 628 (1989). In our cases analyzing malicious prosecution under § 1983, we have always proceeded based on a seizure by the state— arrest or imprisonment. *See, e.g., Pierce*, 359 F.3d at 1281 (plaintiff incarcerated for fifteen years); *Taylor*, 82 F.3d at 1558 & n. 5 (plaintiff arrested and held for seven weeks); *Wolford v. Lasater*, 78 F.3d 484, 487 (10th Cir.1996) (plaintiff arrested). Here, Becker conceded she was never arrested, incarcerated, or otherwise placed under the direct physical control of the state. Accordingly, Becker was never "seized" in the traditional sense.

*Id.* at 914-15. The Tenth Circuit has thus far declined to extend § 1983 malicious prosecution liability in cases where the plaintiff has not been arrested or incarcerated. *Id.* at 915 ("A groundless charging decision may abuse the criminal process, but it does not, in and of itself, violate the Fourth Amendment absent a significant restriction on liberty."). *See also Fisher v. Koopman*, No. 16-1335, 693 F. App'x 740, 745 (10th Cir. May 23, 2017) (unpublished) (confirming that the Tenth Circuit has "refused 'to expand Fourth

---

no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages. *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008) (internal citations omitted).

Amendment liability' to cases in which 'the plaintiff has not been arrested or incarcerated,'" quoting *Becker*, 494 F.3d at 915).

Plaintiffs do not allege any specific facts in the Second Amended Complaint to show that they were arrested in conjunction with the Defendants' issuance of a municipal code violation, detained in jail, or released on bond under restrictive conditions.  "[T]he mere issuance of a citation requiring presence at future legal proceedings does not qualify as a constitutional 'seizure.'  *Martinez v. Carr*, 479 F.3d 1292, 1299 (10th Cir. 2007).  Plaintiffs' allegations that after issuing the citations, the Defendants instructed Plaintiffs to leave the area, and then escorted them to the nearby public road, are insufficient to show a "seizure" within the meaning of the Fourth Amendment.

Consequently, any § 1983 Fourth Amendment malicious prosecution claim asserted in the Second Amended Complaint will be dismissed as legally frivolous.

### 2. Fourteenth Amendment

Although a § 1983 malicious prosecution claim involving a pre-trial deprivation of liberty is grounded in the Fourth Amendment, the Tenth Circuit has recognized that "certainly by the time of trial, constitutional analysis shifts to the Due Process Clause." *See Pierce v. Gilchrist*, 359 F.3d 1279, 1285-86 (10th Cir. 2004); *see also id.* n. 5 ("Because Taylor was exonerated before trial, the cause involved only the Fourth Amendment and not also the Fourteenth Amendment); *Mondragon v. Thompson*, 519 F.3d 1078, 1083 (10th Cir. 2008) ("If [a plaintiff] has been imprisoned pursuant to legal but wrongful process, he has a malicious prosecution] claim under the procedural component of the Fourteenth Amendment"); *Novitsky*, 491 F.3d at 1258 (noting that a malicious prosecution claim can be grounded in both the Fourth and Fourteenth Amendments);

*Castellano v. Fragozo*, 352 F.3d 939, 942 (5th Cir.2003) (analyzing knowing use of manufactured evidence and perjured testimony at trial as a violation of due process sufficient to support a § 1983 malicious prosecution claim).

Due process claims under the Fourteenth Amendment can take the form of a procedural or substantive violation: "procedural due process ensures the state will not deprive a party of property without engaging in fair procedures to reach a decision, while substantive due process ensures the state will not deprive a party of property for an arbitrary reason." *Hyde Park Co. v. Santa Fe City Council*, 226 F.3d 1207, 1210 (10th Cir. 2000).

Plaintiffs cannot maintain a Fourteenth Amendment malicious prosecution claim based on a denial of procedural due process because they have an adequate remedy under Colorado law in the form of a common law malicious prosecution claim. *See Myers v. Koopman*, 783 F.3d 1190, 1193 (10th Cir. 2013) (citing *Hewitt v. Rice*, 154 P.3d 408, 411 (Colo. 2007) (outlining the elements of a malicious prosecution claim under Colorado law). "If a state actor's harmful conduct is unauthorized and thus could not be anticipated pre-deprivation, then an adequate post-deprivation remedy—such as a state tort claim—will satisfy due process requirements." *Myers*, 738 F.3d at 1194 (citing *Becker*, 494 F.3d at 921 (10th Cir.2007) (citing *Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981), overruled on other grounds by *Daniels v. Williams*, 474 U.S. 327, 327 (1986)). In this case, Plaintiffs allege that the Defendants falsified facts to support the issuance of the municipal code citations and also testified falsely at Plaintiff William Montgomery's trial (ECF No. 14 at 10-13), circumstances which could not have been anticipated or prevented pre-deprivation.

*See Myers*, 738 F.3d at 1193.   Therefore, Plaintiffs cannot maintain a § 1983 malicious prosecution claim based on a violation of procedural due process.

With regard to substantive due process, a claim based on the withholding of evidence or the presentation of false evidence at trial may implicate the Fourteenth Amendment due process right to a fair trial.  *See Becker*, 494 F.3d at 923-24 (citing cases).  *See also United States v. Bagley,* 473 U.S. 667, 678 (1985) (stating that "the suppression of evidence amounts to a constitutional violation only if it deprives the defendant of a fair trial."); *United States v. Garcia*, 793 F.3d 1194, 1207-1208 (10th Cir. 2015) (stating that "[a] defendant may have a *Brady*[2] claim if the witness unintentionally gave false testimony or the prosecution did not correct testimony that it should have known was false"; the prosecutor's knowing use of perjured testimony violates substantive due process under *Napue v. Illinois*, 360 U.S. 264 (1959)).  However, "[r]egardless of any misconduct by government agents before or during trial, a defendant who is [not convicted] cannot be said to have been deprived of the right to a fair trial."  *See Morgan v. Gertz,* 166 F.3d 1307, 1310 (10th Cir. 1999).

Plaintiffs allege that Plaintiff William Montgomery was acquitted of the municipal violation charge by a jury, and that the citation against Plaintiff William Montgomery was dismissed by the prosecutor nine days later.  Because neither Plaintiff was convicted at trial, the Plaintiffs cannot maintain a § 1983 malicious prosecution claim based on a denial of substantive due process.

Consequently, to the extent the Plaintiffs assert a § 1983 Fourteenth Amendment malicious prosecution claim in the Second Amended Complaint, the claim will be

---

[2] *Brady v. Maryland*, 373 U.S. 83 (1963).

dismissed as legally frivolous.

### D. Equal Protection Claim

Plaintiffs assert in the Second Amended Complaint that the Defendants violated their equal protection rights by unlawfully targeting them because they were homeless and charging them falsely with being in a Natural Area after curfew.

"The equal protection clause provides that '[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws.'" *Grace United Methodist Church v. City of Cheyenne*, 451 F.3d 643, 659 (10th Cir. 2006) (quoting U.S. Const. amend. XIV, § 1), "which is essentially a direction that all persons similarly situated should be treated alike," *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To state an arguable equal protection claim, a plaintiff must first make a "threshold showing" that he or she was treated differently than others with whom the plaintiff was similarly situated. *Brown v. Montoya*, 662 F.3d 1152, 1172-73 (10th Cir. 2011) (internal quotation marks omitted). *See also Matelsky v. Gunn*, No. 00-7097, 15 F. App'x 686, 689 (10th Cir. July 19, 2001) (unpublished) ("In the absence of any specific allegations of differential treatment, the Equal Protection claim is patently inadequate under any of the three equal protection theories—fundamental rights, suspect classification, or "class of one"—and was properly dismissed as frivolous."). *Accord Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (stating that even in "class of one" equal protection claim, the plaintiff must show that he "has been intentionally treated differently from others similarly situated.").

To the extent Plaintiffs' claim can be characterized as one for selective enforcement or prosecution, the claim is evaluated according to ordinary equal protection standards. *See Wayte v. United States*, 470 U.S. 598, 608 (1985). *See also Whren v. United States*,

11

517 U.S. 806, 813 (1996) ("[T]he constitutional basis for objecting to intentionally discriminatory application of laws is the Equal Protection Clause. . . ."). To establish a claim of selective law enforcement or prosecution, "[t]he plaintiff must demonstrate that the defendant's actions had a discriminatory effect and were motivated by a discriminatory purpose." *Marshall*, 345 F.3d at 1168. At the threshold, Plaintiffs are required to allege facts to show that "[they] ha[ve] been singled out for [enforcement of the law] while others similarly situated generally have not been proceeded against for the type of conduct forming the basis of the charge against [them]." *Furman*, 31 F.3d at 1038 (internal quotation marks and citation omitted). *See also United States v. James*, 257 F.3d 1173, 1179 (10th Cir. 2001).

Plaintiffs were warned in the May 10 Order that to pursue an equal protection claim, they must allege facts to show that they, as homeless persons, were treated differently from similarly situated non-homeless individuals with respect to the Defendants' enforcement of the Natural Area curfew ordinance. Plaintiffs' conclusory assertions that Defendants violated their equal protection rights are insufficient to state an arguable claim for relief. *See Brown,* 662 F.3d at 1172 (citing *Robertson v. Las Animas Cnty. Sheriff's Dept.*, 500 F.3d 1185, 1193 (10th Cir. 2007)). *See also Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1219 (10th Cir. 2011) (stating that a plaintiff's § 1983 claim was properly dismissed for failure to provide specific examples of similarly situated individuals who received different treatment).

Consequently, the Fourteenth Amendment equal protection claim for selective enforcement of Fort Collins Municipal Code § 23-193(d)(1), or selective prosecution of Plaintiffs for violation of the same, will be dismissed as legally frivolous.

### E. First Amendment Retaliatory Prosecution/Vindictive Prosecution

Plaintiffs allege in the Second Amended Complaint that the Defendants "retaliate[d]" against them and "punish[ed]" them "for appearing the challenge the officers . . ." in connection with the Defendants' issuance of citations to them for violating the Nature Area curfew ordinance, *see* ECF No. 14 at 12, and then made false statements to the prosecutor to ensure the Plaintiffs' criminal prosecution (*id.* at 13).   Although not expressly pleaded, the Court construes the allegations liberally as a claim of vindictive prosecution or retaliatory prosecution, based on Plaintiff's exercise of First Amendment rights.

A government official may not retaliate against an individual for engaging in constitutionally protected activity, such as the exercise of First Amendment rights.  *See Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1203 (10th Cir. 2007).  The Tenth Circuit has characterized a claim of First Amendment retaliatory prosecution one for "vindictive prosecution." *See Wolford v. Lasater*, 78 F.3d 484, 488 (10th Cir.1996) (comparing a First Amendment claim to a "vindictive prosecution action"); *Gehl Group v. Koby*, 63 F.3d 1528, 1534 (10th Cir. 1995) (stating that a First Amendment claim alleging retaliatory prosecution "is essentially one of vindictive prosecution"), *implicitly overruled on another issue by Currier v. Doran*, 242 F.3d 905, 916 (10th Cir. 2001); *United States v. P.H.E., Inc.*, 965 F.2d 848, 853 (10th Cir.1992) (discussing vindictive prosecution claim in terms of prosecution motivated by "the improper purpose of interfering with the defendant's constitutionally protected speech"); *cf. Phelps v. Hamilton*, 59 F.3d 1058, 1065 n. 12 (10th Cir.1995) (stating that prosecution brought for the purpose of hindering an exercise of constitutional rights may constitute "harassing and/or bad faith prosecution").

As discussed in the May 10 Order, a claim of First Amendment retaliatory prosecution is subject to the general two-year limitation period applicable to § 1983 actions filed in Colorado.  See Blake v. Dickason, 997 F.2d 749, 750-51 (10th Cir. 1993). "Although state law determines the applicable statute of limitations period, federal law governs the particular point in time at which a claim accrues."  Kripp v. Luton, 466 F.3d 1171, 1175 (10th Cir. 2006).  Under federal law, the claims accrue "when the plaintiff knows or has reason to know of the injury which is the basis of his action."  Id. (internal quotation marks omitted).

The Tenth Circuit has made clear that a plaintiff's § 1983 claim that he was issued a citation and prosecuted in retaliation for his exercise of First Amendment rights is not subject to any special accrual rules, and, therefore, the claim accrues at the time the citation was issued.  See Mata v. Anderson, 635 F.3d 1250, 1253 (10th Cir. 2011) (stating that a First Amendment retaliator-prosecution claim accrues when the plaintiff has reason to know the alleged retaliatory prosecution—i.e., the date the plaintiff learned that the police filed a criminal complaint).  "Unlike a malicious prosecution claim, . . . , a First Amendment retaliatory-prosecution claim does not require a favorable termination of the underlying action."  Id.

The First Amendment retaliatory/vindictive prosecution claim accrued on November 3, 2015, when the Defendants issued the alleged groundless municipal code citations to the Plaintiffs.  The instant action was filed on February 9, 2018, more than two years later. It thus appears from the face of the pleading that the retaliatory prosecution claim is time-barred.  See Mata, 635 F.3d at 1253 (rejecting plaintiff's claim that his First Amendment retaliatory prosecution claim accrued at a date later than the filing of the criminal complaint

because the defendant police sergeant's actions in testifying and maintaining the action against him amounted to a continuing violation of his First Amendment rights.)

Although the statute of limitations is an affirmative defense, see Fed. R. Civ. P. 8(c)(1), the court may dismiss a claim *sua sponte* on the basis of an affirmative defense if the defense is "obvious from the face of the complaint" and "[n]o further factual record [is] required to be developed in order for the court to assess the [plaintiff's] chances of success." *Yellen v. Cooper*, 828 F.2d 1471, 1476 (10th Cir. 1987); see also *Fratus v. DeLand*, 49 F.3d 673, 676 (10th Cir. 1995) (stating that dismissal under § 1915 on the basis of an affirmative defense is permitted "when the claim's factual backdrop clearly beckons the defense").

"[W]hen a federal statute [like § 1983] is deemed to borrow a State's limitations period, the State's tolling rules are ordinarily borrowed as well . . . ." *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 134 S. Ct. 604, 616 (2013). Thus, in most § 1983 actions, "a state statute of limitations and the coordinate tolling rules" are "binding rules of law." *Board of Regents v. Tomanio*, 446 U.S. 478, 484 (1980). The State of Colorado recognizes the doctrine of equitable tolling to suspend a statute of limitations period "when flexibility is required to accomplish the goals of justice." *Morrison v. Goff,* 91 P.3d 1050, 1053 (Colo. 2004) (internal quotation marks omitted). For example, equitable tolling of a statute of limitations is appropriate when "plaintiffs did not timely file their claims because of 'extraordinary circumstances' or because defendants' wrongful conduct prevented them from doing so." *Id.* However, "when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a

factual basis for tolling the statute." *Aldrich v. McCulloch Properties, Inc.,* 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980).

In the May 10 Order, Magistrate Judge Gallagher warned the Plaintiffs that any § 1983 First Amendment retaliatory prosecution claim appeared to be untimely unless they could demonstrate a possible entitlement to equitable tolling in an amended pleading. (ECF No. 15 at 8-10). Plaintiffs did not file a Third Amended Complaint. Therefore, the § 1983 First Amendment retaliatory/vindictive prosecution claim will be dismissed as time-barred based on the allegations in the Second Amended Complaint.

### III. Orders

For the reasons discussed above, it is

ORDERED that the Second Amended Complaint (ECF No. 14) and this action are DISMISSED WITH PREJUDICE as legally frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied for the purpose of appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiffs file a notice of appeal, they must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. It is

FURTHER ORDERED that the Motions for Appointment of Counsel (ECF Nos. 5, 11) are DENIED as moot.

DATED July 13, 2018, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court